JAMES P. CLARKE, RESPONDENT, v. DAVID B. DAY, APPELLANT.

Submitted December 6, 1904—Decided February 27, 1905.

Every agreement, whether sealed or not, which is entered into as part of a transaction wherein the lender of money takes usurious interest for the loan, and by which the lender seeks to secure himself in taking the interest, is invalidated by the statute which forbids such taking.

On appeal from First District Court of Jersey City.

Before Justices DIXON and SWAYZE.

For the plaintiff, *John H. Palmer.*

For the defendant, *John C. Inwright.*

The opinion of the court was delivered by

DIXON, J. This is an appeal from a judgment of the First District Court of Jersey City, rendered in favor of the plaintiff in an action for the recovery of usurious interest paid by him to the defendant. The certified case shows that the defendant made to the plaintiff several loans at the rate of ten per cent. a month, and that at the time of each payment of illegal interest the defendant received from the plaintiff an instrument, under his hand and seal, of the following tenor: "Received from D. B. Day the sum of one dollar, in full of all demands to date, on account of any and all transactions between us, being a compromise settlement of the same." It is insisted by the defendant that these instruments bar the claim.

The taking of interest beyond the rate of six per cent. per annum is the thing forbidden by our statute, and because of that prohibition the borrower is entitled to recover from the

lender the illegal interest paid.   *Brown* v. *McIntosh,* 10 *Vroom* 22.

The law presumes that the payment was exacted by oppression on the part of the lender, and therefore invalidates it as a means of transferring the right to the money paid.   The same presumption and effect must extend to whatever else passes from the borrower to the lender as a part of the same transaction for the purpose of securing such transfer.

The District Court properly decided that these instruments should not defeat the claim, and its judgment is affirmed.

On a similar state of facts, the judgments in Burke *v.* Day and Wolfstirn *v.* Day are affirmed.